

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-86,651-01

### EX PARTE JESSE SALAZAR, III, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 14-0930-CR-B-A IN THE 25TH DISTRICT COURT
### FROM GUADALUPE COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of unlawful possession of a firearm by a felon, and one count of deadly conduct and sentenced to ten years' imprisonment for the felon-in-possession count, and one year in county jail for the deadly conduct count.

Applicant contends that his trial counsel rendered ineffective assistance because he did not discuss the possibility of an appeal with Applicant, and did not file a notice of appeal or a motion

to withdraw from the representation, depriving Applicant of his right to appeal. We remanded this application to the trial court for findings of fact and conclusions of law.

The record of Applicant's sentencing proceeding indicates that the trial court advised Applicant of his right to appeal, and of the fact that he had thirty days in which to file notice of appeal. When asked if Applicant wanted to appeal, trial counsel stated that Applicant was unsure, and that "he wanted to think about it a while, but he might not want to," and told the trial court that he would "talk to" Applicant about it.

On remand, trial counsel submitted an affidavit responding to Applicant's allegations. Trial counsel states that when Applicant retained him counsel did explain the appellate process to Applicant, and advised Applicant that he would not represent him on appeal unless Applicant re-hired him to do so. In his affidavit, trial counsel states that immediately after the sentencing, he again advised Applicant of his right to appeal, the timetable for doing so, and "the pros and cons of an appeal in his particular situation." Trial counsel provided Applicant with the names and contact information of two appellate lawyers.

In his application, Applicant alleges that during the month following his sentencing he wrote to trial counsel asking how much an appeal would cost and how the process worked, but received no response. Trial counsel neither confirms nor refutes this allegation in his affidavit, but he does clearly express his belief that his attorney-client relationship with Applicant "ended the day the Court sentenced him" because Applicant did not attempt to re-hire him in any capacity after he was sentenced. If Applicant was "undecided" at the time of his sentencing and later inquired of trial counsel about the cost and process for appealing, trial counsel's responsibility to his client had not ended, even if he was not retained to represent Applicant on appeal. If trial counsel did not want to

represent Applicant on appeal, he should have instructed Applicant to file a *pro se* notice of appeal and filed a motion to withdraw as counsel, so as to provide notice to the trial court of Applicant's desire to appeal. *See Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003).

Because the record contains conflicting information regarding Applicant's expression of a desire to appeal, we do not conclude that trial counsel was ineffective in this regard. Nevertheless, we find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 14-0930-CR-B-A from the 25th District Court of Guadalupe County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered:  September 27, 2017
Do not publish